NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GALPERTI, INC.,**
*Appellant*

**v.**

**GALPERTI S.R.L.,**
*Appellee*

---

2019-1150

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92/057,016.

---

Decided: November 13, 2019

---

THEODORE H. DAVIS, JR., Kilpatrick, Townsend & Stockton LLP, Atlanta, GA, argued for appellant. Also represented by BETHANY R. NELSON; JENNIFER SICKLER, Thompson & Knight, Houston, TX.

PAOLO STRINO, Gibbons P.C., New York, NY, argued for appellee. Also represented by JONATHON BRUGH LOWER, Newark, NJ.

---

Before PROST, *Chief Judge*, CLEVENGER and MOORE,
*Circuit Judges.*

PROST, *Chief Judge.*

Galperti, Inc. ("Appellant") appeals from the decision of the Trademark Trial and Appeal Board dismissing its petition to cancel Galperti S.r.l.'s ("Appellee") Registration No. 3411812 for the mark GALPERTI. *Galperti, Inc. v. Galperti S.r.l.*, Cancellation No. 92057016, 2018 WL 4237616 (T.T.A.B. Aug. 31, 2018) ("Board Op."). We affirm the Board's conclusions that Appellant failed to demonstrate priority in the GALPERTI mark and that it did not try the issue of trade name usage by implied consent. However, we vacate the portion of the Board's decision concluding that Appellee did not obtain its registration through fraud and thus remand for a proper legal analysis of that issue.

I

Appellant, a Texas corporation, and Appellee, an Italian limited liability company, are unrelated companies that both manufacture and sell metal flanges and related products. On April 15, 2008, Appellee obtained a trademark registration for the mark GALPERTI "in standard characters for ironmongery in the form of metal hardware, namely, flanges, ring-shaped fittings of metal, and forgings." Board Op. at *1 (internal quotation marks omitted). The registration claims a priority date of September 26, 2006, based on Italian registration application No. MI2006C009605.

The mark is registered on the Principal Register under Section 2(f) of the Lanham Act. Section 2(f) requires an applicant to demonstrate that a mark "has become distinctive of the applicant's goods in commerce." 15 U.S.C. § 1052(f). "The Director may accept as prima facie evidence that the mark has become distinctive . . . proof of substantially exclusive and continuous use thereof as a mark by

the applicant in commerce for the five years before the date on which the claim of distinctiveness is made." *Id.* As part of its registration, Appellee made this showing by averring that it had made "substantially exclusive and continuous use" of the mark "for at least the five years immediately before" September 26, 2007. Board Op. at *1.

Appellant petitioned to cancel the registration on two grounds. First, it argued that its use of the GALPERTI mark predated Appellee's rights in the mark, and therefore Appellee was not entitled to registration under Section 2(d) of the Lanham Act due to a likelihood of confusion. *Id.* Second, it argued that Appellee's registration was obtained by fraud. According to Appellant, Appellee knew that both parties used the GALPERTI mark for the manufacture and sale of flanges, so its claim that it made "substantially exclusive" use of the mark was a fraudulent misrepresentation. *Id.* at *2.

The Board rejected Appellant's Section 2(d) argument, finding that Appellant had "failed to demonstrate . . . by a preponderance of the evidence" that it had any rights in the mark prior to September 26, 2006—Appellee's priority date based on its foreign registration. *Id.* at *27. The Board also rejected Appellant's attempt to argue priority in GALPERTI as a trade name, rather than a trademark. The Board noted that Appellant had not included this separate argument in its petition, and concluded that it had also not tried the issue by implied consent. *Id.* at *14. Finally, the Board rejected Appellant's fraud argument, concluding that even if Appellee was aware of Appellant's presence in the U.S. marketplace, that did not make its claim of substantially exclusive use "per se false." *Id.* at *31.

Appellant timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

II

We review the Board's legal conclusions de novo, and its findings of fact for substantial evidence. *In re I.AM.Symbolic*, 866 F.3d. 1315, 1322 (Fed. Cir. 2017). A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). We review the Board's decision regarding whether an issue was tried by implied consent for abuse of discretion. *See Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1373 (Fed. Cir. 2008*).*

A

Appellant raises a legal challenge to the Board's determination that it did not demonstrate priority in the GALPERTI mark. The Board reviewed corporate records, licensing agreements, deposition testimony, invoices, test reports, catalogs, sales figures, and website printouts provided by Appellant, but concluded that "the totality of the testimony and all of the aforementioned evidence" did not prove that Appellant had common law rights in the GALPERTI mark prior to Appellee's priority date of September 28, 2006.[1]  Board Op. at \*16; *see id.* at \*18–27.

Appellant argues, however, that it was legal error for the Board to consider whether its evidence demonstrated use prior to 2006. According to Appellant, our decision in *Converse, Inc. v. International Trade Commission*, 909 F.3d 1110 (Fed. Cir. 2018), which issued after the Board's opinion, mandates that Appellee's priority date is irrelevant, and the proper question was whether Appellant

---

[1]    To the extent Appellant also challenges the Board's factual findings, or the Board's weighing of the evidence, we conclude that the Board's findings were supported by substantial evidence for the reasons laid out in its own lengthy analysis. *See* Board Op. at \*18–27.

demonstrated use prior to April 15, 2008—Appellee's U.S. registration date. Therefore, Appellant argues, it is entitled to remand for the Board to consider its evidence relative to April 15, 2008.

We do not agree that *Converse* controls this case. *Converse* presented an infringement action, not a cancellation petition. And *Converse* did not reckon with priority claims—it only considered whether infringement occurred before or after registration. More particularly, the question in *Converse* was whether a mark owner asserting infringement "is entitled to rely on the presumption of validity afforded to registered marks" when the "infringement . . . began before registration." 909 F.3d at 1117. The court answered that question in the negative. *Id.* at 1118. As a result, "with respect to infringement by those respondents whose first uses came before registration . . . [a mark owner] must establish without the benefit of the presumption that its mark had acquired secondary meaning before the first infringing use by each respondent." *Id.*

The facts of this case bear little resemblance to that scenario. Appellant asks us to extend *Converse* far beyond its facts, and to hold that any claim of priority, or indeed any reference to a date other than the U.S. registration date absent a separate showing of secondary meaning, should be wholly disregarded in a cancellation petition. We decline to do so. Such a holding would be contrary to a significant body of law that was not disturbed by *Converse,* as well as to the language of Section 7(c) of the Lanham Act, which provides that "[c]ontingent on the registration of a mark on the principal register provided by this Act, the *filing of the application* to register such mark *shall constitute constructive use* of the mark." 15 U.S.C. § 1057(c) (emphases added). It would also be contrary to 15 U.S.C. § 1141f, which explains that where, as here, a U.S. registration is based on an international registration under the Madrid Protocol, the foreign registration "shall constitute constructive use of the mark, conferring the same rights as those

specified in 7(c)" of the Lanham Act. Those rights become effective as of "[t]he international registration date," "[t]he date of recordal of the request for [U.S. protection], or "[t]he date of priority," whichever is earlier. 15 U.S.C. § 1141f.

Accordingly, we reject Appellant's interpretation of *Converse* and affirm the Board's conclusion that Appellant did not prove priority in the GALPERTI mark.

## B

Appellant also argues that the Board erred by failing to consider its arguments for cancellation based on trade name usage. A registration can be cancelled if a petitioner previously used the mark as either its own trademark, or its own trade name. *See* 15 U.S.C. § 1502(d). Here, Appellant concedes that its petition only argued for cancellation based on its use of GALPERTI as a mark. Appellant's Br. 27. However, in its briefing before the Board, Appellant also attempted to argue for cancellation based on its use of GALPERTI as a trade name. The Board rejected that argument, finding that the issue was neither included in the petition nor tried by implied consent, and was therefore not properly raised. Board Op. at *13–14.

We conclude that the Board did not abuse its discretion in reaching this conclusion. The Board conducted a reasoned analysis in which it concluded, based on an evaluation of Appellant's evidence and Appellee's responses, that Appellee "was not put on notice" that Appellant was attempting to try the trade name use issue. Board Op. at *14. As the Board correctly noted, Appellant's evidence did not clearly establish trade name usage as an argument distinct from trade mark usage, and its witness "failed to identify which specific trade name or names [if any] it was relying upon to prove priority." *Id.* As a result, Appellee "was not fairly apprised that [Appellant] would be seeking to establish its Section 2(d) claim based on trade name use." *Id.*

Accordingly, the Board did not abuse its discretion in concluding that Appellant did not try the issue of trade name use by implied consent.

C

Finally, Appellant argues that the Board's analysis of its fraud claim was legally erroneous. We agree.

A petitioner may seek to cancel a registration of a mark if the registration "was obtained fraudulently." 15 U.S.C. § 1064(3). A trademark applicant commits fraud when it knowingly makes false, material representations of fact with an intent to deceive the Patent and Trademark Office. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009).

According to Appellant, Appellee committed fraud as part of its trademark application when it averred that it had made "substantially exclusive" use of the GALPERTI mark for the five years prior to September 26, 2007.[2] Board Op. at \*29–30. From 2005 through late 2006, Appellant and Appellee were involved in a trademark dispute in Texas, which specifically related to both parties' usage of the GALPERTI mark. *Id.* at \*11. Ms. Dina Galperti, Managing Director of Appellee, was deposed in connection with that litigation and gave testimony that confirmed her awareness of Appellant and its use of the mark. J.A. 3895. Less than a year later, Ms. Galperti submitted a declaration to the Patent and Trademark Office in support of

---

[2] Appellant also argues that Appellee's showing of secondary meaning under Section 2(f) was fatally defective on its face because the averment was an unsworn portion of the response signed (without independent verification) by Appellee's counsel. Appellant's Br. 53–55. We conclude that Appellant waived this argument on appeal because it raises new issues that could have been raised and were not considered below. *See Hylete LLC v. Hybrid Athletics, LLC*, 931 F.3d 1170, 1175 (Fed. Cir. 2019).

Appellee's argument that it had made "substantially exclusive and continuous" use of the GALPERTI mark.

As the Board correctly concluded, Ms. Galperti and Appellee were "well aware of" Appellant, its use of the GALPERTI mark, and its "presence in the U.S. marketplace." Board Op. at *31. "Indeed, Ms. Galperti testified that because the parties operate in a specialized, niche market, 'all operators know each other, all operators in the world know each other.'" *Id.* (quoting Ms. Galperti's deposition testimony). Nonetheless, the Board concluded that Appellee's claim of "substantially exclusive" use of the mark was not false. In reaching that conclusion, the Board misapplied our existing precedent regarding when a claim of "substantially exclusive" usage is false.

The Board looked to our decision in *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349 (Fed. Cir. 1999), for guidance on the bounds of the phrase "substantially exclusive." Board Op. at *30. As *Kichler* explains, an applicant's claim is not defeated by merely any other usage of the mark. 192 F.3d at 1352. Such a strict interpretation would deprive the word "substantially" of any meaning. *Id.* Rather, when evaluating whether an applicant has had "substantially exclusive" use of a mark, we look to whether any use by a third party was "significant," or whether it was merely "inconsequential or infringing." *Id.*

The Board concluded based on *Kichler* that, at least in some instances, a party can truthfully claim "substantially exclusive" use even while having knowledge of another party's use of the mark. It therefore correctly stated that Appellee's "knowledge of other players in the marketplace does not make the September 26, 2007 averment of 'substantially exclusive' use of the GALPERTI mark per se false." Board Op. at *31. The Board committed legal error, however, by stopping its analysis at that point and concluding that because Appellee's statement was not "per se" false, it was not false. The Board failed to conduct the next,

necessary, step: analyzing whether Appellant's use of the mark was "significant" enough to make Appellee's claim false, or whether it was "inconsequential" such that Appellee's claim of "substantially exclusive" use was not false.

Accordingly, we vacate the portion of the Board's decision concerning fraud, and remand for further consideration consistent with this opinion. On the issue of falsity, the Board should consider the significance of Appellant's use of the GALPERTI mark to determine whether Appellee's claim of "substantially exclusive" use was false.

## III

For the foregoing reasons, we affirm the Board's conclusions with respect to Appellant's lack of priority in the GALPERTI mark and Appellant's failure to try the issue of trade name usage by implied consent. We vacate, however, the portion of the Board's decision relating to fraud, and remand for a proper analysis of whether Appellee obtained its registration through fraud.

### AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

#### COSTS

The parties shall bear their own costs.